# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0454V

| | |
|---|---|
| KATHLEEN DAVID-GEISNER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 31, 2024 |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Matthew Murphy*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT[1]

On March 26, 2024, Kathleen David-Geisner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[1] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine which she received on October 4, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 31, 2024, Respondent filed his Rule 4(c) report in which he **concedes** that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that Petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table. *Id.* at 4 (citing 42 C.F.R. §§ 100.3(a), (c)(10)). Respondent further agrees that Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id.*

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master